McBride, judge,
delivered the opinion of the court.
Rachael Sconce brought her action of assumpsit in the Ray circuit court against John A. Beauchamp, for money had and received and for money lent. The defendant pleaded non-assumpsit, upon which issue was taken, and the cause submitted to the court, without the intervention of a jury, when the court found for the plaintiff and assessed her damages to $104. The defendant thereupon filed his motion for a new trial, and in arrest of the judgment, which being overruled, he excepted and appealed to this court.
The evidence in the cause shows that the money sued for was the arrearages of a pension due to John Sconce, the late husband of the plaintiff, from the government of the United States, which had come to the hands of the defendant, who had advanced that amount of money to John Sconce during his life time, to save his property from execution, and under an agreement with the said John, to reimburse the defendant, out of his pension money.
It further appeared from the evidence, that the defendant had procured the making out of the necessary papers to draw the money, under an agreement with the plaintiff that the money when received, should be applied, in conformity with the arrangement, entered into by her deceased husband.
The court below was not called upon during the progress of the trial to decide any principle of law, and hence no question can be raised here for the exercise of the appellate jurisdiction of this court. The only question which can be investigated here noiv is whether the affidavit of the defendant, filed with his motion for a new trial, discloses facts which entitle him to have his case again tried.
In his affidavit the defendant states that since the trial of the cause, he has for the first time ascertained and discovered that John Elliott and Mahala Elliott are material witnesses for him—that he can prove by them that in the life time of John Sconce, he, the defendant, to save *59 the property of the deceased from sale under execution, loaned to him $100 on the agreement and pledge of said deceased, that the defendant should receive his pension money from the United States, in payment of his said loan ; this was a short time before the demise of said John Sconce j and that since, the plaintiff promised him if he would have the papers prepared and procure the pension from the government, he might apply it to the payment of his said loan made to her husband. That he used all due and proper diligence, and made every exertion to be ready for trial, but failed to discover the evidence aforesaid until after the trial of this cause, &c.
The newly discovered evidence is cumulative merely, for evidence of the- same import was given upon the trial, and the rule of law is that the discovery of parol evidence to a point tried in the issue, and upon which there was evidence, is not sufficient to authorize the court to grant a new trial, because such a practice would inevitably lead to fraud, subornation, delay and vexatious uncertainty.
Therefore the court committed no erroiv in refusing a new trial; and the other judges concurring, the judgment is affirmed.