STEPHENS, Defendant in Error, v. FRAMPTON, Plaintiff in Error.

1. A. and B. were sued on a promissory note. It was not alleged in the petition that A. and B. were partners. B. put in a separate answer alleging that he was not a partner of A., and denying the execution of the note. The note was signed " A. & Co." The question whether B. was a partner of A. was submitted to the jury and they found for the plaintiff. *Held*, that B. was not aggrieved by the omission in the petition of the allegation that A. and B. were partners when the note was executed.

2. Amendments of pleadings with a view to make them conform to the facts in proof, should be liberally allowed in furtherance of justice where they can not operate as a surprise.

*Error to Cooper Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Muir & Draffen*, for plaintiff in error.

I. The plaintiff must recover, if at all, upon the case made in his petition. This petition contains no allegation that defendants were partners when the note was executed. There was no such issue raised by the pleadings. The facts in evidence did not establish a partnership. The instructions given were erroneous.

*Stephens & Vest*, for defendant in error.

I. The only issue was as to the partnership. Frampton was a partner of Stephens. No objection was made at the trial to the evidence on the question of partnership. The issue was fairly tried. This court will not interfere. (7 Mo. 213; 13 Mo. 4; 18 Mo. 362; 6 Mo. 489; 9 Mo. 834; 16 Mo. 226; 18 Mo. 435.)

SCOTT, Judge, delivered the opinion of the court.

There was no objection to the instructions, nor was any point made on the rejection or admission of evidence in the court below. The case comes here on a question of variance or a defect in the pleadings. The suit is on a note and is signed " J. Law Stephens & Co." Frampton is sued with J. L. Stephens and he puts in a separate answer denying that he executed the note or that he ever was a partner of Stephens. The petition states that " defendants, by their promissory note, promised," &c. As the note is executed in a way that is usual with partners, and as the defendant put in his answer denying the partnership, we can not see how he is aggrieved by the action of the court below. But with all provisions in our code on the subject of amendments, is it not singular that the parties should come here complaining of such a defect as is made the foundation of this writ of

error? An amendment here could not have operated as a surprise; it would have been granted, of course and it is strange that it was not made.

Judgment affirmed; the other judges concur.