THE MERCHANTS' AND MANUFACTURERS' INSURANCE COMPANY, Respondent, v. PETER CURRAN, Appellant.

1. *Insurance.*— The rules of an insurance company provided that certain kinds of property might be insured, "if approved, at special rates," and that such special risks should be approved by an executive committee of three directors before a policy on the property should be issued. The by-laws of the company vested in the president a general supervision of its affairs. Property of the kind specified was insured at special rates, and the policy issued thereon was signed by the president and secretary, as required by the by-laws, but without the action of the executive committee. *Held,* that the policy being issued by the duly authorized agents of the company, and upon a full knowledge of all the facts material to the risk, the company was liable on the policy, notwithstanding the non-action of the committee. The action of the committee was preliminary, and in this case must be held to have been waived.

2. *New trial — Newly-discovered evidence.*— The granting of a new trial on the ground of newly-discovered evidence is a matter resting in the sound discretion of the judge trying the case.

*Appeal from St. Louis Circuit Court.*

*Moore & Griffin,* for appellant.

The secretary had no power in the matter until after approval by the committee. (Plahto v. Merch. & Man. Ins. Co., 38 Mo. 255; Mound City Mut. Ins. Co. v. Curran, 42 Mo. 374; Ang. & Ames on Corp. 291; 11 C. & B. 926–7; 2 Cranch, 127; 5

McLean, 194; 31 Eng. Law & Eq. 57; 4 Wheat. 636; 4 Pet. 152; 9 How. 172.) In case of special hazard, the majority of the directors, the president and secretary, had no right to issue a policy until the committee of three had examined and approved, in accordance with by-laws. (13 Pet. 519; 14 Pet. 122; 1 Sumner, 46; 1 Blackst. C. C. 425.)

*W. H. Horner*, for respondent.

I. The directors are the managing agents of the company, and their action is, *prima facie*, binding upon the members.

II. Even if the by-laws provide that certain property shall not be insured, and the officers of the company issue a policy insuring such property, with knowledge of the facts, the company will be held to have waived the by-law, and neither party to the contract can interpose the by-law as a defense. By-laws are passed for the convenience of the company. They are not restrictive of its power. (U. M. Ins. Co. v. Keyser, 32 N. H. 313; Campbell v. M. & F. Ins. Co., 37 N. H. 35; 12 Iowa, 134; 5 Denio, 156; Ang. on Ins. § 242.)

III. In the absence of fraudulent concealment of facts, the issuing of the policy is conclusive upon the plaintiff. The doctrine of estoppel *in pais* clearly applies. (Combs v. Hannibal Ins. Co., 43 Mo. 151; Franklin v. Altantic Ins. Co., 42 Mo. 460, 462; Horwitz v. Equitable Ins. Co., 40 Mo. 557; Rowley v. Empire Ins. Co., 36 N. Y. 550.)

CURRIER, Judge, delivered the opinion of the court.

This suit is brought to recover two assessments upon the defendant's premium note, payable to the plaintiffs. The note was given in consideration of a policy of insurance issued to the defendant by the plaintiffs, insuring certain property therein described.

The answer admits the execution and delivery of the note and policy, and also the levying of the assessments, the latter facts not being specifically denied. The defense rests upon the affirmative ground that the note was given without consideration, the

policy being the only inducement to it, and that being, as is alleged, void and of no effect, constituted no consideration for the note. It is alleged that the policy was issued in violation of the company's by-laws, and for that reason it is supposed to be void and not to bind the plaintiffs.

The plaintiffs' charter authorized the insurance of "property of all kinds," and provided that the "business of the company should be conducted under such rules and regulations as might from time to time be adopted by the directors." One of these rules provided that "steam-mills, and other establishments where fire, heat, and steam" were employed, might be insured, "if approved, at special rates;" another rule provided that these special risks should be approved by an executive committee of three directors before a policy thereon should be issued. An alleged violation of this rule is supposed to vitiate the policy.

The property insured in the policy was used for distilling purposes, and "fire, heat, and steam power" were employed in operating the establishment, all of which was known to the plaintiffs at the time the policy was issued, and a special rate was charged accordingly. The policy was signed by the president and secretary and verified by the company's seal. What agency the executive committee had in issuing it does not distinctly appear. The pleadings made no issue on that specific subject; and the court, at the trial, gave and refused instructions upon the theory that the supposed non-action of this committee was immaterial to the validity of the policy. It is this action of the court that is complained of, and that is urged as the main reason for reversing the judgment.

The point is not well taken. The policy was signed by the president and secretary, as the by-laws required; and the by-laws vested in the president the "general supervision of the affairs of the company." The policy was issued by the duly authorized agents of the company, and upon a full knowledge of all the facts material to the risk. The company can not successfully deny its liability thereon. The executive committee, as agents of the plaintiff, had no official duty to discharge in the actual execution and delivery of the policy. Their action was prelimi-

nary, and in this instance must be held to have been waived. They were but the subordinates of the board of directors, and held their positions under appointment of the board. Their duties were subordinate, and imposed for the convenient transaction of business. The non-action of this committee should be held no defense to a suit on the policy, and can, therefore, be no defense here. The case at bar is wholly unlike Plahto v. the plaintiffs, 38 Mo. 248, and Mound City Ins. Co. v. the defendants, 42 Mo. 374; but the U. M. F. Ins. Co. v. Keyser, 32 N. H. 313, is in point as an authority adverse to the defendant. That was a suit on a premium note. The defense was that the note and policy were void because the risk had been taken in violation of the company's by-laws; but it was held that this fact did not avoid the policy, or the note which was given in consideration of the policy.

The defendant's motion in arrest was properly overruled. It has no tenable ground to stand upon. Nor can we say that the court erred in overruling the defendant's motion for a new trial, so far as that motion was based on an allegation of newly-discovered evidence. That was a matter resting in the sound discretion of the judge trying the case; and there is nothing to show that the action of the court in this particular was unwarranted. In fact, the alleged newly-discovered evidence had little or no bearing upon the issues made by the pleadings.

Upon the whole, it is my opinion that the judgment should be affirmed. The other judges concur.