————o————

JAMES F. COOK, Respondent, *vs.* THE ST. LOUIS & KEOKUK RAILROAD COMPANY, Appellant.

1. *Practice, civil—New trials—Newly discovered evidence—Diligence.*—It is a rule of almost universal application that a new trial will not be granted on the ground of newly discovered evidence, where the new facts are to be proved by a witness who has already testified in the cause, and a new trial should not be granted on such ground, if it appears that the failure to discover it is the result of lack of due diligence.

2. *Practice, civil—New trials—Granting of, matter of discretion with the trial-court.*—The granting of new trials, because of newly discovered evidence, rests for the most part with the trial-court; and any doubt as to whether its discretion has been soundly exercised is to be resolved in favor of its ruling.

*Appeal from St. Louis Circuit Court.*

Cook v. St. Louis & Keokuk R. R. Co.

*E. A. Lewis,* for Appellant.

*E. B. Sherzer,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

Action on contract. The petition alleged that defendant had employed plaintiff as its civil engineer, at a salary of $300 per month; that plaintiff was in defendant's employ in such capacity from the twentieth day of August, 1869, until the first day of May, 1870, a period of eight months and ten days, and that the compensation plaintiff was entitled to therefor was $2500, for which judgment was asked.

The answer denied that defendant ever employed plaintiff as civil engineer, or in any other capacity at $300 per month, or any other sum; denied that it agreed to pay him said sum or any other sum for his services; denied that it employed plaintiff to do any work or labor for it whatsoever, and denied that plaintiff did any work of labor for it, or was in its employ at all.

A jury was impaneled, and the parties went to trial. The evidence was conflicting, would have well warranted a verdict for either party. The instructions given presented the matters at issue with the most unexceptionable fairness to the jury, and the result was a verdict for the plaintiff. There exists, as appears from the above statement, no tenable ground for attacking the ruling of the court below in point of instructions given in behalf of plaintiff, nor of the refusal to give the third instruction asked by the defendant, even if that instruction were abstractly correct, and otherwise free from just objection.

But the chief, and it might with no impropriety be said, the only question of practical importance in this case, and the one upon which counsel for appellant has laid the greatest stress, is, whether the ruling was correct which denied defendant's motion for a new trial, the main basis of such application being newly discovered evidence.

In reference to applications based on the above mentioned ground, coming as they must from those who have been made

to bite the dust in the forum, and are writhing under the tortures of a recent and unaccepted defeat, it is to be observed that they are regarded with a jealous eye, and construed with remarkable strictness by the courts, who invariably hold, that they should be tolerated, not encouraged, viewed with aversion rather than favor, granted as an exception, and refused as a rule. (3 Grah. & Wat. N. T., 1021, and cases cited; Richardson vs. Farmer, 36 Mo., 35, and cases cited; State vs. Ray, 53 Mo., 345, and cases cited.)

The alleged newly discovered evidence consisted of an account for $55.25, made out and delivered in November, 1869, to Fogg, then president of defendant, by plaintiff, for making a report on the two surveys from Bowling Green, in Pike county, to New London, in Ralls county, as well as for making the profile of those routes, and supplying the mapping paper for that purpose.

This account, which is certainly inconsistent with the idea of a general or salaried employment, and is in reality an indirect admission that plaintiff's contract with the company was of a special and limited character, remained in Fogg's hands until his resignation in September, 1870, when he delivered to Murray all the official papers in his hands. In the absence of anything in the affidavits to the contrary, as no intendments run in their favor, it will be presumed that Murray was an officer or agent also of the company. At any rate, the above referred to account was found accidentally, as it is claimed, on the 22nd day of February, 1872, just six days after the trial took place, in the possession of the company among its other business papers, where, from aught otherwise appearing, it had been ever since its delivery to Fogg. The suit was brought February 13, 1871; issue joined April, 5th, next following, and the trial occurred nearly a full year after process served.

Fogg was placed on the stand and testified in the cause, but his attention was not called to the account, and yet it is by him that defendant proposes to prove that such account was delivered to him by plaintiff; and without Fogg's testi-

mony, this fact cannot be established. It is a rule, whose infringement is a rarity, not to allow a new trial where the new facts are to be proven by a witness who has already testified in the cause. And the reason given therefor, by learned writers on this topic of the law, is, that with rare exceptions it is unpardonable negligence to fail to elicit from a witness every material fact within his knowledge respecting the subject matter in controversy. (3 Grah. & Wat. on N. T., 1095.)

In Houston vs. Smith, 2 Sm. & Mar., 597, the defendant moved for a new trial on the ground that one of the plaintiff's witnesses did not disclose upon the trial all his information of the merits of the case, and although this non-disclosure arose from inadvertence, and because the attention of the witness was not properly directed, yet it was held, that as the defendant had full opportunity for cross-examination, he was not entitled to have his application granted.

The fact that Fogg's attention was not called, when testifying, to the account subsequently discovered, does not better the matter, but only shows a lack of diligence on the part of defendant in failing to propound to his witness proper interrogatories. (Richardson vs. Farmer, 36 Mo., 35 ; 3 Grah. & Wat., on N. T., 1029 ; 1 Id., 481, et seq.)

It is very evident, that, if but a little of the diligence exercised after had been used before the trial, the necessary information as to the accounts would have been readily elicited from Fogg, which would inevitably have led to its intended, instead of its accidental, discovery ; or failing in that, the same purpose would have been attained by the introduction of secondary evidence as to its contents.

It does not appear from the affidavits filed herein, that a single question was ever asked Fogg, or that any conversation whatever was had with him respecting his knowledge of the relations which had existed between plaintiff and defendant. And this strange neglect and inexcusable apathy continued, notwithstanding defendant ought to have been on the alert in consequence of plaintiff's verbal notice for the production of

all vouchers presented by him against the company. (People vs. Superior Court of New York, 5 Wend., 114 ; and cases cited.)

Measured then by one of the vital tests in applications of this character, that of diligence, in making suitable preparations for trial, the application was properly overruled. But even had the requisite diligence been used, still the application could not be successful. The new evidence was cumulative, *i. e.*, evidence of the same import as that adduced at the trial, for Perkins' testimony shows that plaintiff in May, next preceding the presentation of the account for $55.25 to the president of defendant, made an inferential admission that he was employed by the job, and not on a salary, by claiming that defendant owed him $162.50 for the survey in Pike county. Both accounts related to the same survey, and were equally and utterly inconsistent with the theory, that plaintiff was to receive a salaried compensation for his labor. The fact that the one account was written, and the other not, by no means altered the principle, or rendered the proposed evidence any the less cumulative. (State vs. Stumbo, 26 Mo., 306 ; Beauchamp vs. Sconce, 12 Mo., 38; Wells vs. Sanger, 21 Mo., 354 ; Boggs vs. Lynch, 22 Mo., 563.)

The granting of new trials, because of evidence subsequently discovered, rests for the most part with the trial-court ; and any doubt, as to whether the discretion vested in this regard in that tribunal has been soundly exercised, is to be resolved in favor of its ruling. It is only in a case entirely free from any element of uncertainty as to the impropriety of such ruling, that appellate courts feel themselves called upon to interfere (People vs. Superior Court of New York, *supra.*) ; and it is believed that the reports of our own State do not exhibit a single instance, in which this court has overruled the action of the court below for failure to grant an application of the character under consideration.

Judgment affirmed. All the judges concur.