State v. Morgan.

THE STATE OF MISSOURI, Respondent, v. A. L. MORGAN, Appellant.

Kansas City Court of Appeals, November 3, 1902.

1. **Medicine and Surgery:** REGISTERED PHYSICIAN: ACT OF 1874. The laws of 1874 required all practicing physicians to register, and when registered they were thereafter qualified to practice; and their competency to practice has not been interfered with by subsequent legislation.

2. **Druggists:** REGISTERED PHYSICIAN: NEWLY-DISCOVERED EVIDENCE. On the trial of. an information charging a druggist with selling liquor, etc., without a prescription from a registered and practicing physician, the fact that after the verdict it was discovered that the physician on whose prescription the liquor was sold had in fact registered under the law of 1874, is such material evidence as to warrant a new trial.

3. **New Trial:** NEWLY-DISCOVERED EVIDENCE: DILIGENCE: TRIAL COURT'S DISCRETION: PRACTICE. Where it appears that no effort was made to secure certain necessary evidence in the records of the county court before the trial, the appellate court will not interfere with the trial court's discretion in ruling that there was no due and proper diligence shown.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*H. B. Williams* and *Samuel O'Fallon* for appellant.

(1) The court erred in not granting him a new trial, because the affidavit filed with the motion for a new trial shows that the Dr. Johnson, who wrote the prescription, offered in evidence for the purpose of showing that the sale of whiskey made to Jack Brinegar,

for which defendant was convicted, was a regularly registered practicing physician. Laws of 1874, p. 111, sec. 3; 37 Mo. App. 576. (2) The defendant thinks the State's position is not the law, because every act subsequent to the Act of March 27, 1874, excepted those who had enrolled under the said Act of 1874. Statute of 1875, p. 100, sec. 1; Statute of 1877, p. 343, secs. 1 and 6; Meyers' Supplement to Wagner's Statutes, 1873. R. S. 1879, sec. 6301; R. S. 1889, sec. 6881; R. S. 1899, sec. 8517. (3) The undisputed evidence shows that said Dr. Johnson has been regularly practicing as a physician and surgeon in Craig, Missouri, Holt county, since about 1868 or 1869, showing conclusively that he had been so practicing since more than five years prior to the time that the Act of 1883 became the law in this State. Laws of 1883, p. 115; R. S. 1889, sec. 6881; 37 Mo. App. 576. (4) We think the affidavit filed with the motion for a new trial shows there was no want of diligence upon the part of defendant in trying to secure the record of registration of said Dr. Johnson as a physician. (5) We think the said evidence is so material that it would probably produce a different result, if a new trial were granted.

*Ivan Blair* for respondent.

(1) Courts are reluctant to grant new trials on the ground of newly-discovered evidence. State v. Sansone, 116 Mo. 2; Cook v. Railway, 56 Mo. 380; Graham and Waterman on New Trial, 1021. (2) Appellant's motion for new trial on the ground of newly-discovered evidence was properly overruled. It was not supported by defendant's affidavit, nor is any reason or excuse given for such omission. State v. Gordon, 153 Mo. 577; State v. Campbell, 115 Mo. 393; State v. McLaughlin, 27 Mo. 111; State v. Hunt, 141 Mo. 626; State v. Howard, 118 Mo. 127; State v. Burns, 85 Mo. 47. (3) The affidavit filed in this cause does not show that defendant used due diligence before the trial to discover the evidence alleged in the motion to be newly-discov-

ered, that is, the fact that Dr. Johnson was enrolled on the roll of physicians and surgeons August 25, 1874. State v. Schmidt, 14 Mo. App. 581; State v. Elliott, 16 Mo. App. 552; State v. Fischer, 124 Mo. 460.

ELLISON, J.—The defendant was indicted (as a druggist) for selling liquor in less quantities than four gallons without having a prescription from a regularly registered and practicing physician.  It was shown at the trial that the sale was made December 19, 1901, on the presentation of a prescription from Dr. Johnson. It was shown that Dr. Johnson had been a practicing physician for thirty-five years.  But it was not shown that he was a registered physician, and on that account the trial court excluded the prescription and defendant was convicted.  Defendant then sought a new trial on the ground of newly-discovered evidence showing Johnson to have been registered on the proper record of the county clerk under Laws of 1874, p. 111.  The motion was overruled.

The State claims that since the sale was made in December, 1901, it is governed either by the Laws of 1901, p. 207, or the Laws of 1883, p. 115, and that therefore the "registration of Dr. Johnson under the Laws of 1874, is not material evidence in the trial, or retrial, because it does not tend to show either, first, that the said Dr. Johnson was registered under the act approved March 12, 1901, nor under the Act of 1883," carried forward in the revisions of 1889 (article 1, chapter 110) and 1899 (article 1, chapter 128).  The State's claim is not well founded.

The Laws of 1874 required all practicing physicians to register, and when registered they were thereafter qualified to practice.  No law since that enactment has required them to again register.  In regulating the practice of medicine in 1877, the Legislature exempted those who were then authorized to practice by virtue of any existing law.  Laws 1877, p. 343, sec. 1. In a subsequent regulation, in 1883, the provisions then enacted were made non-applicable to physicians who

had been practicing five years. Laws 1883, p. 115, sec. 11. The Act of 1883 continued in force down to 1901, when a new regulation was made by the Legislature. But it was therein provided that it should only apply to "any person not now a registered physician." Laws 1901, p. 207, sec. 1. The competency of a physician to practice medicine under the Act of 1874 has therefore not been interfered with by subsequent regulations.

The evidence claimed in the motion for new trial was material in defendant's behalf and should have secured him a new trial, unless for the following reason:

It is urged that such evidence should have been and could have been produced at the trial. The affidavit accompanying the motion showed that no examination was made at the county clerk's office to ascertain whether Johnson was registered, until the trial was under way and that while the trial was in progress an examination was made and no record found. But that after the close of the trial the book containing the registration was discovered. It does not appear that any effort was made before the trial and no reason is given for failing to make the examination sooner. Under such circumstances we have no right to interfere with the trial court's discretion in ruling that this was not due and proper diligence. State v. Sansone, 116 Mo. 2; Cook v. Railroad, 56 Mo. 380; 3 Graham & W. on New Trial, 1021.

The judgment must therefore be affirmed. All concur.