DANIEL F. BLAKE, Trustee, Respondent, v. ROYAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, October 15, 1908.

TRIAL PRACTICE: New Trial: Newly-Discovered Evidence: Discretion. The granting of new trials because of newly-discovered evidence rests for the most part with the trial judge and doubts as to his discretion in his ruling is to be resolved in favor of the ruling; and the discovery of parol evidence to a point tried on the evidence is not sufficient to authorize a new trial.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

AFFIRMED.

*Fyke & Snider* for appellant.

The evidence of Mr. White, discovered after the trial, was material in defendant's behalf and should have secured it a new trial. State v. Morgan, 96 Mo. App. 343; Mersch v. Sippy, 102 Mo. App. 559.

*Karnes, New & Krauthoff* and *Edwin Cammack* for respondent.

(1) Courts are extremely reluctant to grant new trials on the ground of newly-discovered evidence. State v. Morgan, 96 Mo. App. 343; Cook v. Railroad, 56 Mo. 380; State v. Sansone, 116 Mo. 1. (2) A new trial should never be granted on newly-discovered evidence which is cumulative. Beauchamp v. Sconce, 12 Mo. 57; Dollman v. Munson, 90 Mo. 85; Culbertson v. Hill, 87 Mo. 553; Mayor v. Burns, 114 Mo. 426.

JOHNSON, J.—This suit is on a fire insurance policy issued by defendant to S. B. Hearsh, a merchant at Independence. Plaintiff is the trustee in bankruptcy of Hearsh. The policy in suit was for $2,000, and covered the stock of merchandise owned by Hearsh. The stock, valued in the petition and in the evidence of plaintiff at approximately $9,000, was destroyed by fire while the policy was in force. It is conceded that Hearsh had other insurance on the property to the amount of $4,500, and defendant alleges in its answer that it was procured "contrary to the terms and conditions of the policy sued on herein." Another defense interposed in the answer is that the insured with the intent of cheating and defrauding defendant, shortly before the fire, removed the larger part of the stock from the place where it was insured and defendant denies that the property destroyed was of the value alleged in the petition. Evidence introduced by defendant tended to show that a large quantity of goods was

133 App—2

removed from the store the day before the fire
and that before this was done, the stock was
worth only $4,500. This evidence is contradicted
by that introduced by plaintiff. The issues of
fact thus presented by the pleadings and evi-
dence were submitted to the jury in instructions con-
ceded to be free from error, and were decided by the
jury in favor of plaintiff. One of the grounds on which
defendant asked the court to grant a new trial is that
of newly-discovered evidence, and the only error in
the trial now claimed by defendant is the refusal of
the trial court to sustain the motion for new trial on
this ground. The newly-discovered witness was the
agent of a commercial agency who called on Hearsh
"some time before the fire," to obtain a statement from
him for use as the basis of a commercial report and
rating. Hearsh declined to give the statement. A short
time afterward, the witness (whose affidavit was filed
with the motion for a new trial) called at the store for
the purpose of making an estimate of the value of the
stock. Hearsh was absent from the store on this oc-
casion and witness looked over the stock. He estimated
the value at $4,000, and states that in his opinion the
estimate was correct.

We perceive no good reason for saying that error
was committed in overruling the motion. "The grant-
ing of new trials because of evidence subsequently dis-
covered, rests for the most part with the trial court
and any doubt as to whether the discretion vested in
this regard in that tribunal has been soundly exercised,
is to be resolved in favor of its ruling. It is only in a
case entirely free from any element of uncertainty as
to the impropriety of such ruling that appellate courts
feel themselves called upon to interfere." [Cook v.
Railroad, 56 Mo. 380; State v. Sansone, 116 Mo. 1;
State v. Morgan, 96 Mo. App. 343.] A new trial should
not be granted on newly-discovered evidence which is

merely cumulative. [Beauchamp v. Sconce, 12 Mo. 57; Dollman v. Munsun, 90 Mo. 85; Culbertson v. Hill, 87 Mo. 553.] "The rule of law is that the discovery of parol evidence to a point tried in the issue and upon which there was evidence is not sufficient to authorize the court to grant a new trial, because such a practice would inevitably lead to fraud, subornation, delay and vexatious uncertainty." [Beauchamp v. Sconce, supra.]

The value of the goods being one of the issues contested in the evidence and sent to the jury, the newly-discovered evidence was but cumulative. Were we vested with the right to exercise the discretion vested by law in the trial judge, we would rule on the motion as he did. Certainly there is no ground for us to hold that he abused his discretion.

The judgment is affirmed. All concur.