## THE STATE v. THOMAS WALKER, Appellant.

Division Two, May 20, 1913.

1. **INSTRUCTIONS: Limitations: Three Year Period Fixed too Remotely: Harmless Error.** Where all the evidence offered fixed the commission of the offense by defendant at a time less than a year before the filing of the information, and where there was no evidence of any offense committed by him three years or more before it was filed, he was not injured by an instruction which set the three-year period to running from the date of filing of the complaining witness's affidavit, or two months before the information was filed.

2. **NEWLY DISCOVERED EVIDENCE: New Trial: Discretion of Trial Court.** The granting of a new trial upon the ground of newly discovered evidence is a matter resting largely in the sound discretion of the trial court, and absent an abuse of sound discretion, the Supreme Court will not interfere.

3. ————: ————: **Motion Must Show Facts Constituting Diligence.** To entitle one to a new trial upon the ground of newly discovered evidence the motion therefor must show that it was not for want of due diligence that such evidence was not found before the close of the trial, and that the new evidence is of such kind as would probably produce a different result upon another trial. And such motion must state the *facts* constituting diligence.

Appeal from Daviess Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*J. C. Leopard* and *Thomas H. Hicklin* for appellant.

(1) In cases of conflicting affidavits, where the credibility of the proposed new witness is involved, the court should not assume the functions of a jury, but should grant a new trial. 14 Ency. Pl. & Pr., pp. 794, 795, and cases cited under note 2, p. 795. (2) The proposed evidence is not cumulative, even though

it is additional to other evidence tending to prove the
same thing, where it is of a different character and
proof of a new and distinct fact. State v. Curtis, 77
Mo. 267; State v. Murray, 91 Mo. 103; 14 Ency. Pl.
& Pr., pp. 815-817, and notes 1 and 2, p. 817; St.
John v. Alderson, 32 Gratt. (Va.) 140. (3) The pro-
posed new evidence would probably produce a differ-
ent result on a new trial. State v. Curtis, 77 Mo. 267;
State v. Moberly, 121 Mo. 614; State v. Murray, 91
Mo. 103. (4) Where evidence, as of the Preston girl,
has been denied and attacked, even cumulative, newly
discovered evidence would be admissible. State v.
Evans, 65 Mo. 580.

*John T. Barker*, Attorney-General, and *W. T.
Rutherford*, Assistant Attorney-General, for the State.

There is no error in instruction 5. The affidavit
was filed February 4, 1911, and that day the prose-
cution was begun and the running of the Statute of
Limitations was interrupted. Sec. 2441, R. S. 1909;
State v. Sassaman, 214 Mo. 720.

WILLIAMS, C.—Defendant was tried in the cir-
cuit court of Daviess county, upon an information
charging him with having carnal knowledge of an un-
married female of previous chaste character, between
the ages of fourteen and eighteen years, was found
guilty, and his punishment assessed at imprisonment
in the penitentiary for a term of two years.

The State's evidence disclosed that the defend-
ant and the prosecuting witness were negroes, and
that at the time the offense was committed the prose-
cuting witness was fifteen and the defendant about
thirty-two years of age. In October, 1910, Nettie, the
prosecuting witness, was at the home of a neighbor,
where she and another girl called Irene, being the only
persons in the house, were playing on the organ and

singing. Defendant came into the house and room where the girls were, went up to the organ, and began pulling at Irene, who struck him with her hat pin, and told him "she was not going to do what he wanted her to do." Defendant then turned his attention to the prosecuting witness, took hold of her, "pushed" her into another room and up a flight of stairs, and over and on to a bed, where he had sexual intercourse with her. Just before the commission of the offense defendant promised to pay the girl, for her consent to the act, the sum of six dollars, and a few days thereafter he paid her the sum promised.

The prosecutrix testified that this was her first act of intercourse. Several witnesses testified that prior to this occurrence the girl's reputation for virtue and chastity was good. Three of four letters proven to be in the handwriting of defendant, and addressed to the girl's parents, were offered and read in evidence, in which letters defendant sought to compromise his difficulty by offering to pay from twenty-five to fifty dollars to the parents, and to marry the girl.

Defendant did not testify in his own behalf, but produced evidence tending to show that during the summer prior to the commission of the offense, the prosecutrix would remain out in town as late as ten or eleven o'clock at night, necessitating her mother's going after her, bringing her home and punishing her.

Alberta Preston testified on behalf of defendant that some time in June, and prior to the offense complained of, she had a conversation with Nettie, the prosecutrix, while walking along the street, during which conversation Nettie pointed out to witness a certain white boy on the street, and said that she had had sexual intercourse with him.

Defendant filed a motion for a new trial, and one of the grounds thereof was that he had discovered new and material evidence since the date of the trial. In

support of this ground of the motion he filed an affidavit to the effect that the newly discovered witness was one Mabel Maupin; that said Mabel would, if sworn as a witness, testify that she was about fifteen years of age, and that the prosecuting witness, prior to this offense, had told her of having sexual intercourse with a colored boy, and that on another occasion she saw Nettie and a white boy go under a porch on the west end of one of the store buildings in Gallatin for the purpose of having sexual intercourse; that at another time, and prior to this offense, Nettie was visiting with her at the place she was living, when a colored boy came to the house, and, after some conversation with the two girls, asked Nettie to have sexual intercourse with him, to which she consented, and that said colored boy and Nettie did then and there indulge in sexual intercourse, and that she, witness, stood by in the room and saw them so engaged. The affidavit further states that the foregoing evidence first came to defendant's knowledge since the trial, and on Saturday night, October 28, 1911, and that "he has been trying for a long time—in fact, ever since his arrest—to learn of such evidence, but failed to learn of it until that time, when the said Mabel told his, defendant's, father, Alexander Walker, what she would testify, and it was not owing to want of diligence that such information did not come sooner." The affidavit of said Mabel Maupin was also filed, corroborating the statements of defendant's affidavit as to the evidence he claimed she would give. The State thereupon filed counter affidavits of ten persons to the effect that said Mabel Maupin was "an unmarried female, the mother of a child, and that her general reputation for truth and veracity and virtue and chastity, in the town of Gallatin, where she lived during the summer of 1910, was bad." Defendant then filed the affidavits of nine persons to the effect that, while Mabel Maupin's reputation for virtue and chastity

was not, it was good for truth and veracity, and that she was working at the home of one of the best white families in Gallatin.

Defendant on appeal assigns as error (1) the action of the court in giving to the jury instruction numbered 5; (2) in overruling defendant's motion for new trial on the ground of newly discovered evidence disclosed by the affidavits filed in support thereof.

I. That portion of instruction 5 of which appellant complains is as follows:

**Instructions.**

"The court instructs the jury that if you believe from the evidence, beyond a reasonable doubt, that at the county of Daviess, and State of Missouri, on or about the —— day of October, 1910, or at any time within three years next before the filing of the affidavit of the complaining witness in this case, which affidavit was filed on the 4th day of February, 1911, the defendant did feloniously assault and carnally know the witness, Nettie Butts," etc., "you will find the defendant guilty," etc.

The information in this case was filed April 4, 1911, and appellant insists that it was error to allow the jury to convict if they found the offense was committed within three years next before February 4, 1911, the date of the filing of the affidavit of the complaining witness, for the reason that the offense must occur within three years next before the filing of the information. It is true that section 4945, Revised Statutes 1909, concerning felonies of this character, does provide that the indictment must be found or the information filed within three years after

**Limitations.**

the commission of the offense. However, in the case at bar the appellant was not injured by the giving of the above instruction, for the reason that all of the evidence offered fixed the commission of the alleged offense as in October, 1910, and there was no

evidence tending to show the commission by
**Harmless Error.** defendant of any offense at a time which
would be three years or more before the date
of the filing of the information.  Since the instruction
in the form given did not prejudice defendant's rights
in any manner, the giving of same did not constitute
reversible error.

II.  The rule announcing the requirements neces-
sary to be met by appellant in order to entitle him to
a new trial on the ground of newly discovered evidence
is well settled in this State (State v. Miller,
**Newly Discovered Evidence: Diligence: Facts to be Shown in Motion.** 144 Mo. 1. c. 30; State v. Whitsett, 232 Mo.
1. c. 523) ; and it would serve no useful pur-
pose to recopy same here.  Those require-
ments, so far as applicable here, are, that
it was not for want of due diligence that
appellant did not learn of the new evidence before the
close of the trial, and that the character of the evidence
is such that it would probably produce a different
result if a new trial were granted.  Appellant in his
motion does not state any facts tending to show dili-
gence.  He contents himself with merely stating that
he had been trying to learn of such evidence for a
long time, but failed to learn of it sooner, and "that
it was not owing to want of diligence that such in-
formation did not come sooner."    It is thus seen
that appellant did not state the facts from which dili-
gence might appear, so that the court could pass upon
the question of diligence, but in a sense appellant
undertook to usurp the judicial function and to pass
upon the question, and did nothing more in his appli-
cation than to disclose his own finding or conclusion
in regard thereto.  "The statement of facts constitut-
ing the alleged diligence must be made clear and
plain."  [State v. Cushenberry, 157 Mo. 1. c. 183,
184.]  The circumstances surrounding the newly dis-

covered evidence are not such as to show that diligence would have been of no avail, and therefore such as to place this case within the exception to the above rule, as was the situation in State v. Moberly, 121 Mo. 604, cited by appellant in his brief. Neither do we think it probable that the newly discovered evidence would have produced a different result. On the trial of the case, witness Alberta Preston, who was unimpeached, testified that the prosecuting witness had told her of having had sexual relations with another party before the time of this offense, and pointed out the boy with whom she had such intercourse. The jury, however, credited the denial made by the prosecuting witness, and disbelieved the testimony of the Preston girl. It is not probable that a different result would be produced if a new trial were granted, and this newly discovered witness—impeached not only by ten persons, but also by her own admissions—allowed to testify.

The granting of a new trial upon the ground of newly discovered evidence is a matter largely resting in the sound discretion of the trial court **Discretion of Trial Court.** (Insurance Co. v. Curran, 45 Mo. 142), and, absent an abuse of sound discretion, this court will not interfere. [Cook v. Railroad, 56 Mo. 380; Schmitt v. Railroad, 160 Mo. 43.]

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. All the judges concur.