The State v. Stewart.

---

THE STATE v. STEWART, *Appellant.*

Division Two, March 5, 1895.

1. **Criminal Law**: ROBBERY. One who holds a pistol over another while his companion robs him is equally guilty of the robbery.

2. **Criminal Practice**: NEW TRIAL: NEWLY DISCOVERED EVIDENCE. In order to entitle a party to a new trial on the ground of newly discovered evidence it must appear that the evidence is so material that it would probably produce a different result if the new trial were awarded; that it is not cumulative and that its purpose is not merely to impeach the character and credit of a witness.

3. ———: ———: ———. The alleged newly discovered evidence in this case *held* not to be of a character to authorize a new trial.

*Appeal from Jackson Criminal Court.*—HON. J. W. WOFFORD, Judge.

AFFIRMED.

*A. S. Lyman* for appellant.

(1) Instruction number 1 asked by the state may be carried as abstract law, but the evidence did

not support it as given.   There was no evidence that defendant took anything from Irvin, either by the means described in the instruction or otherwise; the instruction was therefore not warranted as given. *Givens v. Van Studdiford*, 4 Mo. App. ——; *State v. Degonia*, 99 Mo. 488; *Green v. Railroad*, 60 Mo. 405; *Conway v. Railroad*, 24 Mo. App. 235; *Willis v. Stevens*, 24 Mo. App. 494; *State v. Primm*, 98 Mo. 368. (2) One of the material issues tried, and the proof of which was necessary, was the identity of the defendant with the person alleged to have aided and abetted the other.   On this issue there was no instruction or direction given by the court at all, and hence instruction number 4, asked by the defendant, but refused by the court, should have been given, and the court's failure to give it was error.   *Beauchamp v. Higgins*, 20 Mo. App. 514; *Sheedy v. Streeter*, 70 Mo. 679; *Raysdon v. Trumbo*, 52 Mo. 35; *Cahn v. Reid*, 18 Mo. App. 115; *Fitzgerald v. Haywood*, 50 Mo. 516; *Cress v. Lockland*, 67 Mo. 619; *State v. Banks*, 73 Mo. 592; *Bishop v. State*, 43 Tex. 402.   (3)   A new trial should have been awarded because of newly discovered evidence; it was cumulative but new and independent. *Wilson v. Black*, 41 Wis. 94; *Galaworthy v. Town*, 75 Wis. 24; *Green v. Railroad*, 38 Iowa, 368; *State v. Murray*, 91 Mo. 95.

*R. F. Walker*, Attorney General, and *Marcy K. Brown*, Prosecuting Attorney, for the state.

(1) The indictment is sufficient and properly charged robbery in the first degree.   (2)   The objections made in appellant's brief to the instructions given by the trial court are frivolous and without force.   (3) The instructions given by the trial court are in the form repeatedly approved by this court, and properly

declare the law as to all the issues arising in the case. (4) Instruction number 4, asked by appellant and refused by the court, was properly refused; so much of said instruction as was not erroneous was amply covered by instructions numbers 1, 3, 4, 5 and 8, given by the court. (5) The alleged newly discovered evidence presented by defendant, in his effort to obtain a new trial, fails in every respect to meet any of the six requirements fixed by the decisions of this court for such evidence. It is not material, is but cumulative, and could not possibly have produced any different result. No proper diligence is shown, and its effort, even if true, would have been but to have intensified, in the minds of the jury, the fact of defendant's guilt. *State v. Ray*, 53 Mo. 345; *State v. Woodward*, 95 Mo. 131; *State v. Crawford*, 99 Mo. *loc. cit.* 80; *State v. Musick*, 101 Mo. *loc. cit.* 274; *Cook v. Railroad*, 56 Mo. 380; *Snyder v. Burnham*, 77 Mo. 52; *State v. Smith*, 114 Mo. 406; *State v. Welsor*, 117 Mo. 570; *State v. Sansone*, 116 Mo. 1.

BURGESS, J.—Defendant was jointly indicted with one Frank Foster, at the September term, 1893, of the criminal court of Jackson county, Missouri, for robbery of the first degree, committed upon one George Irvin. Upon a separate trial, defendant herein was found guilty, and his punishment assessed at five years' imprisonment in the penitentiary. From the sentence and judgment he prosecutes his appeal to this court.

On the night of the twenty-sixth of February, 1893, at about the hour of 10 o'clock, the prosecuting witness, George Irvin, was going west on Eighteenth street, in Kansas City, when he was assaulted by two persons, who, by force and violence, and by putting him in fear of some immediate danger to his person, took from him his watch, watch chain, money to about

the amount of $1.50, a trunk key, pocket knife and a short lead pencil. The night was light, the moon shining brightly. At the time of the robbery, Irvin did not recognize either of his assailants, nor did he see either of them for about two weeks afterward, when he saw and recognized defendant Stewart as one of the parties who stood in front of him with a pistol presented at him while the other one robbed him of the articles before mentioned. Stewart was then in custody of the city officers, to whom Irvin had given information of the offense, a description of the persons who assaulted him, and after he had been informed that they had under arrest a person suiting the description thus given. The defence was an alibi.

Defendant's first contention is that the court committed error in giving the first instruction on the part of the state, which told the jury that, if the defendant, in and upon the witness George Irvin, did make an assault and any of the articles described in the indictment of any value whatever from the person, and against his will, then and there, by putting him in fear of some immediate injury to his person, feloniously did rob, steal, take and carry away, they would find him guilty. The objection urged is that, as the evidence showed that defendant himself took none of the articles from the person of Irvin, although taken by another person, with his assistance, and while defendant held a pistol upon him, there was no evidence upon which to predicate it, but this contention is not borne out by the evidence, which shows that defendant and another robbed Irvin. They were both principals, and the acts of the person engaged with him in taking from his person his property in perpetration of the crime, were as much defendant's as if done by his own hands. The same may be said with respect to the

objections urged against the third instruction given on behalf of the state.

The instructions were unobjectionable, and presented every phase of the case fairly to the jury. They were certainly as favorable to the defendant as he could hope for or expect, and were well warranted by the evidence.

The vital question in the case is with respect of the action of the court in overruling defendant's motion for a new trial upon the ground of newly discovered evidence. Upon this point the motion with reference to the trunk key and the small piece of lead pencil which were introduced in evidence against the defendant, and which Irvin testified were his, and that they were taken from him by his assailants at the time of the robbery, and which one of the witnesses on the part of the state, Baldwin, a policeman, testified that he found upon the person of defendant, on searching him, shortly after his arrest, is of the most importance.

In support of the motion defendant introduced his own affidavit, and, in addition thereto, that of one Frank E. Snow, which is as follows:

"I am and have been for nearly four years a policeman of Kansas City, Missouri, and have for said period been appointed and detailed as property clerk, in which capacity it is and has been my duty to receive all articles and property taken by the police from persons arrested and taken into custody, which property I receive and store in a vault in my possession and under my control. I furnish a blank memorandum book to captains of the police, number 1 and number 2, who receive all property taken from persons arrested and make a note of the same in said memorandum book, and place each man's property in an envelope, and indorse it on envelope. When I receive the property from them, the captains, I make a copy of the memo-

randum of the property in each individual case, as made by the captain in the memorandum book, in a book kept by me, in my own handwriting, called 'the property book,' showing what is taken from each person arrested, and the items thereof.   By reference to my property book, on page 72 thereof, under the date of March 11, 1893, the following entry is found, to wit, 'Frank Foster, highway robbery; watch chain, keys and pistol.'   On the same date, I find the following: 'Harry Stewart, highway robbery, pistol, knife and keys.'   I received from the captain on the morning of the twelfth of March, 1893, an envelope with the following indorsement in printing and writing (the part which is in writing is in the handwriting of Captain Flakive), viz.: 'March 11, 1893; name, Frank Foster; contents, cash, $ ——; other articles, watch chain, keys and pistol and pin; arrested by officers Hartley and Baldwin  * * *'   At the same time, March 12, 1893, I received from the captain one envelope with the following indorsement in printing and writing (the part which is in writing is in the handwriting of Captain Flakive), viz.: 'Name, Harry Stewart; date, March 11, 1893, contents, cash, $ ——; other articles, pistol, knife and keys; arrested by officers Hartley and Baldwin on the charge of highway robbery.   * * *'

"On the —— day of January, 1894, when the officer (it was either Baldwin or Hartley) came for the articles taken from Harry Stewart to take to the criminal court, where he was to be tried that day, I gave him the envelope, herein above described, indorsed, 'Frank Foster, highway robbery, etc.,' with the contents therein contained.   I afterward received said last mentioned envelope from one of said last mentioned officers, and placed it in the vault, just as I received it, where it lay until sometime afterward, when Chief Speers told me to show W. C. Stewart the things taken from

Harry Stewart when arrested and which was in my possession and custody. I took W. C. Stewart into the property vault where I kept the property and took down the envelope which is indorsed, 'name, Frank Foster, date March 11, 1893; contents, cash, $——, other articles, watch chain, pistol and pin,' and showed it to him and all the contents thereof, which were, as I recall, as follows: One Hopkins & Allen pistol, one brass pistol, D. Moore, one common round handle door key, one small flat key with a hole in the handle in the shape of a star and also a round hole, also a short led pencil with a metallic or tin cap on the head of it, a charm, scarf pin and two collar buttons  *  *  *  I then went and examined the books and found an entry dated March 11, 1893, Harry Stewart, highway robbery, as herein above stated. I then went to the vault and after making some search found the envelope or package with the indorsement on it, 'name, Harry Stewart, date, March 11, 1893; contents, cash, $——, other articles, pistol, knife and keys. Arrested by officers Hartley and Baldwin.' I opened it and took out the entire contents which were an ivory handled knife, with a shoe shape end, one large key ring with two keys on it, one of which is a door key, having a flat handle and one Yale lock key, which is a small flat key with three large holes in the large end of it."

In order to entitle defendant to a new trial upon the ground of newly discovered evidence it must appear that the evidence is so material that it would probably produce a different result if a new trial were granted; that it is not cumulative; and that the object of the testimony is not merely to impeach the character or credit of a witness. *State v. Welsor*, 117 Mo. 570 and authorities cited; *State v. Campbell*, 115 Mo. 391.

It is contended by counsel for defendant that the newly discovered evidence is not cumulative, but it is

of new and independent facts making out the defense. It is true that it tended to show that the key and pencil were not found upon the person of defendant at the time of his arrest as stated by the witness Baldwin, and in this respect contradicts him, but it also tended to show that they were found on the person of another person, Foster, who was under arrest at the same time, and when taken in connection with the evidence of the prosecuting witness Irvin, who testified that he was robbed by two persons, one of whom subsequently to the robbery, he recognized as the defendant, but did not know who the other was, it tended to show that Foster upon whose person the articles were found, was the other party, and to corroborate Irvin in that he was robbed by two persons and that Foster was one of them. Aside from that the evidence could only tend to contradict Baldwin.

Defendant also introduced in support of said motion the affidavit of one Mrs. Ewing, by whom it was shown he would be able to prove that a certain pistol, which Baldwin testified to have taken from the possession of the defendant, at the time of his arrest, was not the property of defendant nor in his possession, but there is no pretence that it was taken from Irvin at the time he was robbed or that he ever claimed it, and like the facts stated in the affidavit of Snow would only contradict Baldwin, and as there was no instruction given with regard to the presumption of guilt arising from the recent possession of stolen property, would serve no purpose beneficial to defendant, and does not bring the case within the rule herein announced which would entitle the defendant to a new trial upon the ground of newly discovered evidence. The judgment is affirmed. All of this division concur.