OTTOFY, Respondent, v. WINSOR, Appellant.

St. Louis Court of Appeals, March 23, 1909.

1. **ACCOUNT STATED: Jury Question.** In an action on an account stated for a sum due the plaintiff for legal services rendered the defendant, the evidence is examined and held sufficient to justify a finding that the plaintiff had rendered his account and the defendant had agreed to pay the amount sued for.

2. **PRACTICE: Instruction: Confused Instruction.** Where an instruction was given for the plaintiff correctly declaring the law, but the issue was confused by another instruction based partly upon evidence about which there was no dispute and requiring a finding of facts of which there was no evidence, it was reversible error.

Appeal from St. Louis City Circuit Court.—*Hon. Robert M. Foster* and *Hon. Virgil Rule,* Judges.

REVERSED AND REMANDED.

*William H. Clopton* for appellant.

(1) The court should have given defendant's instruction that plaintiff was not entitled to recover. The evidence of the plaintiff showed that there had been no meeting of the minds of plaintiff and defendant either expressly or impliedly on the proposition that defend-

ant owed plaintiff $1,000. The theory of an account stated is that the parties have accounted together, agreed upon a balance, and that the debtor has agreed to pay it. Newberger v. Friede, 23 Mo. App. 634; Ward v. Farrelly, 9 Mo. App. 371; Brown v. Kimmell, 67 Mo. 431. Proof that the creditor mailed to the debtor an account does not without more proof prove an account stated. Rowland v. Donovan, 16 Mo. App. 554. (2) It has been held that an acknowledgment of a debt, though it consists of a single item will sustain an action upon an account stated.

*W. Paul Mobley* for respondent; *L. Frank Ottofy* pro se.

GOODE, J.—Plaintiff sued on an account stated, alleging defendant was indebted to him on April 2, 1906, in the sum of $1,000 for money then found to be due and by both parties agreed to upon an account stated between them; which sum defendant then and there and often times afterwards, promised to pay but did not. The answer denied the averments of the petition, said the only employment of plaintiff was in 1905, and if anything was due plaintiff for services then rendered the amount was uncertain and unliquidated. In another paragraph of the answer defendant admitted he had employed plaintiff in 1905, in a controversy between the St. Louis Hollow Block Concrete Construction Company and himself, which was settled; that afterwards plaintiff demanded of defendant for the services then rendered $1,000, which defendant refused to pay and plaintiff thereupon threatened, if it was not paid, to sue defendant and tie up his property and that of his wife by suits so it would be impossible for defendant to do business in St. Louis; that he was intimidated by said threats and to avoid great loss by litigation and the incumbering of his and his wife's property, he agreed to

give plaintiff a note for $500 in payment of his demand, but the latter refused to accept it. Defendant was a large stockholder in the corporation known as the St. Louis Hollow Block Concrete Construction Company and was security on the paper of said company for six or seven thousand dollars. He fell into a dispute with the company and wished to get his interest out of it; and also to be released from his obligations in its behalf. Plaintiff performed some work in connection with defendant's efforts to accomplish these results, and seeks to recover in the present case his compensation for these services. Though the petition declares on a stated account, both sides went fully into the merits of the demand, plaintiff undertaking to show the character and extent of the services he had rendered, and defendant to minimize their extent and value, claiming all plaintiff did was to see to the correcting of an imperfect certificate of the notary public on a deed from said corporation conveying to defendant certain properties. The testimony for plaintiff shows his services were far more extensive and had much to do with defendant's obtaining twenty odd thousand dollars worth of property from the construction company for his stock and getting released from its obligations for over six thousand dollars. In March, 1906, plaintiff sent a statement of his account to defendant wherein his charge for the services he had rendered was $1,000. Defendant, at the time was out of St. Louis and in Grandin, Mo., and so did not receive the account promptly, and his wife who did receive it, did not understand it. On his return, about April 1st, he called on plaintiff with reference to it and according to plaintiff's testimony, asked for some reduction, saying the bill was rather high. As to what happened from that time on, the parties disagree. Defendant insists he did not consider plaintiff's services worth more than $25 and was surprised to get a bill for more; that he never promised to pay the account received and never acknowledged it was just, but when plaintiff threatened

Ottofy v. Winsor.

to throw him into bankruptcy, and tie up his property and possibly his business, he offered to give him a note for $500. The testimony for plaintiff, on the other hand, goes to prove that though defendant demurred at first to the account as too large, he agreed at various times to pay it when he could make certain arrangements to get the money which were contemplated. Several letters more or less acrimonious written by plaintiff to defendant, were put in evidence which lend weight to the portion of plaintiff's testimony wherein he says defendant had agreed to pay the account and was putting off payment from time to time on one excuse or another. There was abundant evidence to justify the court in submitting to the jury, as was done in the first instruction for plaintiff, the issue of whether there was an accounting and settlement between the parties, and an agreement by defendant to pay plaintiff $1,000 for the services rendered; whether defendant expressly assented to the account as presented. If the instructions had been confined to this issue, all would be well; for there is cogent testimony for plaintiff's side of it; but in the second instruction for plaintiff, the jury were told they should find in his favor if they found he rendered professional services for defendant at the latter's request, and afterwards rendered to defendant an account for $1,000 and defendant either promised to pay said amount *or failed within a reasonable time after receiving the same to object thereto, regard being had to all the circumstances appearing in evidence;* further, that in case those facts were found, it was immaterial what services plaintiff performed and the particulars thereof. The testimony for both sides shows beyond doubt defendant questioned this account from the first, instead of retaining it for an unreasonable time without disputing it. Plaintiff himself testified defendant objected to it in their first interview after it had been received. And, according to defendant's testimony, he disputed it continuously thereafter, as being exorbitant. It has been said by the Supreme Court and

this Court to be a question for the jury whether an account rendered was retained by the debtor without objection a sufficient length of time to give it the status of an account stated. [Brown v. Kimmel, 67 Mo. 430; Rowland v. Donovan, 16 Mo. App. 554 (Ms. opinion No. 3058).] If that is the rule the second instruction violated it, but what we condemn more particularly is making an issue of fact about a matter which the evidence settled. It is argued in the brief for plaintiff that defendant retained other statements of the account subsequently rendered without objecting to them. This is of no importance as he objected in the first place, and there were frequent subsequent conferences about the demand. The real question is whether defendant thereafter assented to the account as rendered.

The judgment is reversed and the cause remanded. All concur.