## MARIE STAHLMAN, Appellant, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Respondent.

**St. Louis Court of Appeals.   Argued and Submitted March 5, 1914. Opinion Filed April 7, 1914.**

1. **NEW TRIAL: Newly Discovered Evidence: Depositions.** While depositions of witnesses cannot be used as depositions in support of a motion for a new trial on the ground of newly discovered evidence, they may be treated and used as affidavits supporting such motion.

2. ————: ————: **Affidavit by Agent of Corporation.** An applicant for a new trial on the ground of newly discovered evidence must personally make an affidavit in support of it, but where the applicant is a corporation, it is proper for the affidavit to be made by its attorney, who swears he had the entire charge of the case for it.

3. **APPELLATE PRACTICE: New Trial: Review.** The action of the trial court upon a motion for new trial on the ground of newly discovered evidence, is not to be disturbed, on appeal, unless it is clear that its discretion has been abused. Where a new trial is granted, justice may yet be done between the parties, and the appellate court will look at the matter with less scrutiny than if it had been refused.

4. **NEW TRIAL: Newly Discovered Evidence: Requisites of Affidavits.** A party desiring a new trial on the ground of newly discovered evidence must show that the evidence has come to his knowledge since the trial, that it was not owing to the want of due diligence that it did not come sooner, that it is so material that it would probably produce a different result if a new trial were granted, that it is not cumulative only, that its object is not merely to impeach the character or credit of a witness, and he must produce the affidavit of the witness himself or account for its absence.

5. ———: ———: **Materiality of New Evidence: Cumulative
and Impeaching Evidence.** In an action for personal, in-
juries, where the whole course of the testimony was directed
to the ascertainment of the fact as to whether plaintiff had
sustained the injuries complained to have been sustained, *held*
that newly discovered evidence, to the effect, that, subsequent
to the alleged date of her injury and prior to the trial, she had
signed an application for life insurance, the answers of which
were written in by the agent of the insurance company, which
contained a statement that she had never sustained any acci-
dental injury and that she then had no disease or disability,
was not sufficient to warrant a new trial, since it was not so
material that it would probably produce a different result on a
retrial; *held, further,* in view of defendant's contention at the
trial that plaintiff's condition was simulated, such newly dis-
covered evidence was cumulative, since it was of the same
import as that given at the trial, and hence it was not sufficient
to warrant a new trial; *held, further,* that such newly discovered
evidence simply tended to impeach the credibility of plaintiff,
by showing that she had made statements outside of court con-
tradictory to those she made in court, and hence it was not
sufficient to warrant a new trial.

6. ———: **Affidavits: Conclusiveness.** The value and effect of
newly discovered evidence set out in affidavits in support of a
motion for new trial is to be tested by the evidence itself and
not by the conclusions of counsel, set out in his affidavit, as to
its effect.

Appeal from St. Louis City Circuit Court.—*Hon.
Charles Claflin Allen,* Judge.

Reversed and remanded (*with directions*).

*William A. Kane* and *Charles P. Comer* for ap-
pellant.

(1)   The court erred in admitting in evidence and
considering on the motion for a new trial the deposi-
tion taken by the defendant in support of the mo-
tion for a new trial.  Devoy v. Transit Co., 192 Mo.
197.  (2) The court erred in sustaining the defendant's
motion for a new trial on the ground of newly discov-
ered evidence.  Mayer, etc., v. Burns, 114 Mo. 426.

The affidavits in support of the motion for a new trial nor the motion for a new trial itself does not show that the alleged evidence was newly discovered or when it was first discovered. Carlton v. Monroe, 135 Mo. App. 172; State v. Spiruts, 191 Mo. 24. The alleged evidence is merely cumulative as to the physical condition of plaintiff. State v. Nickens, 122 Mo. 607; State v. McLaughlin, 27 Mo. 111; State v. Welsor, 117 Mo. 570. The alleged evidence only goes to the impeachment and contradiction of the plaintiff's testimony at the trial as to her physical condition. Boggs v. Lynch, 22 Mo. 566.

*Boyle & Priest* and *Paul U. Farley* for respondent.

(1) The court properly sustained defendant's motion for new trial, on the ground of newly discovered evidence. Said motion and the affidavits in support hereof comply with the requisites .for such, as stated in the case of State v. McLaughlin, 27 Mo. 112. The rule announced there has met with the unqualified approval of the Supreme Court from that time to the present. State v. McKenzie, 177 Mo. 716. (2) Upon the showing of newly discovered evidence made therein the motion for new trial was properly sustained. Furn. Co. v. Investment Co., 127 Mo. App. 312; Parker Washington Co. v. St. Louis Transit Co., 131 Mo. App. 508; Allen v. Railroad, 167 Mo. App. 506.

REYNOLDS, P. J.—Plaintiff, Mary Stahlman, brought her action against the United Railways Company to recover damages for injuries alleged to have been sustained by her while alighting from a street car operated by defendant in the city of St. Louis on April 27, 1911, it being alleged that her ankle and ribs had been broken and her nervous system shattered; that her injuries are permanent.

The answer is a general denial.

At a trial before the court and jury, plaintiff recovered a verdict for $4500. Defendant filed a motion for a new trial, alleging eighteen grounds, one of them that evidence had been discovered since the trial of the cause and rendition of the verdict, the evidence, it is claimed, being "material to the issue in this cause and which, with due diligence, the defendant could not have discovered in time to have offered same in the trial of said cause, and which said evidence, if offered at the subsequent trial herein will, in all probability, produce a different result from that obtained at the trial of the cause. That said evidence is not offered for the purpose of impeaching any witness who testified at the trial, nor is such evidence cumulative, nor, in fact was any evidence of the character of said newly discovered evidence offered at the trial of this cause." It is averred that this evidence which defendant has so discovered is a written statement made by plaintiff approximately between August 28 and September 4, 1911, in an application for a policy of life insurance in the Prudential Life Insurance Company, which application was made subsequent to the date plaintiff, in her petition, alleges she met with the accident and was injured, and subsequent to the filing of her petition, and prior to the trial of this cause; that in this application plaintiff stated that she had never sustained any injury through an accident and that at the time of making such application plaintiff did not have any disease or disability. It is further set out that this written statement or application can be produced at another trial of the cause. Defendant was granted ten days, and afterwards, a further extension of ten days, in which to file affidavits in support of this motion. During these twenty days defendant, on notice to the attorney for plaintiff, took depositions of several agents of the Prudential Life Insurance Company, who produced two applications, one dated

August 18, 1911, the other December 14, 1911, purporting to be signed by plaintiff, her signatures to at least one of them being identified by one or more of these witnesses, in which applications it is set out that the applicant had never suffered from various diseases or from accident of any kind, the answer to the question as to whether she had any of the mentioned diseases or any accident being "No," and to the question as to whether she had ever had any of the named diseases being "None," all these answers, as we understand, written by some one other than plaintiff; at least it does not appear that plaintiff had written them, but the application concludes with the usual statement that the applicant had read them over and knew what they were, and with the warranty clause usually found in policies of this kind, as to the truth of the answers. While the testimony of these witnesses was taken in the form of depositions, they were filed as affidavits in support of the motion for new trial, along with the affidavit of one of the attorneys for defendant, that affidavit practically following the averments of the motion, all of them duly signed and sworn to. They were filed within due time and on consideration of them by the court the motion for a new trial was sustained solely upon the eighteenth ground set out in the motion, namely, "newly discovered evidence." From this action of the trial court plaintiff has duly perfected her appeal to this court.

The sole question before us turns on the correctness of the action of the learned trial court in sustaining the motion for a new trial on this ground of newly discovered evidence, no claim being made that there are any other grounds, apart from this, for that action.

We accept and treat these depositions so filed as affidavits made on behalf of defendant and by the persons by whom it is proposed to prove the alleged newly disovered evidence. As depositions, they would

not fall within the rules of practice. They are competent as affidavits. While it is the rule that the applicant for a new trial must personally make an affidavit in support of it, the applicant here being a corporation, the affidavit is properly made by its attorney, who swears that he had the entire charge of this case for the defendant.

On a careful reading of all the testimony in the case, and considering these depositions. as affidavits in support of the motion, we are compelled to hold that the motion for new trial should not have been sustained on the ground assigned.

We are aware of the rule that the action of the trial court in sustaining or overruling a motion for new trial, on account of newly discovered evidence, is not to be disturbed unless it is clear that the discretion lodged in the trial court has been abused. It has been said that "where a new trial is granted, justice may yet be done between the parties and an appellate court will look to the matter with less scrutiny than if it had been refused." · [Bloch Queensware Co. v. Smith, Saxton & Co., 107 Mo. App. 13, l. c. 14, 80 S. W. 592.] This has been repeated in Allen v. St. Louis & S. F. R. R. Co., 167 Mo. App. 498, l. c. 506, 151 S. W. 762. With this rule in mind we have read all the testimony in the case and the affidavits in support of the motion.

It was long ago announced by our Supreme Court that the party desiring a new trial on the ground of newly discovered evidence, "must show, first, that the evidence has come to his knowledge since the trial; second, that it was not owing to the want of due diligence that it did not come sooner; third, that it is so material that it would probably produce a different result if a new trial were granted; fourth, that it is not cumulative only; fifth, that the affidavit of the witness himself should be produced, or its absence accounted for, ·and sixth, that the object of the testimony is not

merely to impeach the character or credit of a witness."
[State v. McLaughlin, 27 Mo. 111, 1. c. 112.] That
rule has been announced and adhered to in many cases
from that time down, its last announcement to which
our attention has been called being State v. McKen-
zie, 177. Mo. 699, 1. c. 716, 76 S. W. 1015. While the
cases above cited and many intermediate ones in which
this rule is announced are criminal cases, our statute
(R. S. 1909, sec. 5285) provides that motions for new
trial in criminal cases "shall be heard and. determined
in the same manner as motions for new trials in civil
cases."

The issues tried in this case were as to whether
the plaintiff in point of fact had fallen off the car at
all; whether she had received any injuries in conse-
quence of a fall from a car operated by defendant on
its road; whether since the time of the alleged accident
she had suffered and up to the time of the trial was
suffering from the effects of that accident. The testi-
mony in the case was entirely on these lines. . Plain-
tiff was in court; the jury saw her; she was subjected
to a long cross-examination as to the accident and
her subsequent suffering; she had been examined by
a physician appointed by the court who was called by
defendant and who testified; testimony of other phy-
sicians and surgeons was introduced by the respect-
ive parties to the controversy as to her past and pres-
ent physical and mental condition. So that the ques-
tion as to whether plaintiff had sustained the accident
she alleged and whether any injurious results had fol-
lowed which were of a permanent character, bodily
and mental, the latter as affecting her nervous system,
was threshed out very thoroughly.

Under this state of the case, we are of the opin-
ion that this newly discovered evidence is not sufficient
to warrant the granting of a new trial for several rea-
sons.

First, we cannot say that it is so material that it would probably produce a different result if a new trial was granted, admitting that plaintiff in these applications for insurance may then have stated that she had suffered no accident and was in sound condition of health after she had instituted this action, and after the alleged accident. The whole course of the testimony in this trial was directed to the ascertainment of that very fact. It is not pretended in these affidavits that she had written in these answers herself. They were written in by the agents of the insurance company and all that she appears to have done in the matter was to sign her name to the application with these answers written in. In the light of the many cases of like character which have been before our court it does not seem probable that the production of these applications signed by plaintiff, would have produced a different result with the jury, in the light of the testimony produced at this trial.

Second. Another reason why these affidavits and the testimony sought to be adduced show no grounds for a new trial, is that this testimony is cumulative only. Defendant all through the trial was insisting that plaintiff had not been hurt in the first place, and in the next place, that her present condition and her condition since that time was simulated; that she was malingering. Defendant even introduced testimony to the effect, as testified to by one of the physicians, a witness for defendant, that plaintiff was what he designated a ''dope fiend,'' addicted to the use of morphine, her mental powers consequently impaired, and that her hurts and sufferings were imaginary. This proposed testimony would only have been cumulative to that offered by defendant as bearing upon the fact of the alleged injury and its consequences. Evidence is said to be cumulative when it is of the same import as that given upon the trial, and when that is so, it is not sufficient to authorize the court to grant a new trial,

on the same issue already passed upon by the jury. [Beauchamp v. Sconce, 12 Mo. 57; Boggs v. Lynch, 22 Mo. 563; Wells v. Sanger, 21 Mo. 354, l. c. 359; Cook v. St. Louis & Keokuk R. R. Co., 56 Mo. 380, l. c. 384.] These, it is true, are old cases, but the rule they announce has never been departed from in later decisions.

Finally, this proposed testimony can be classed as of no other than impeaching evidence.

An accepted authority on the law of evidence, treating of the impeachment of witnesses and of their evidence, states that in addition to usual testimony to show bias or peculiar relations of the parties, or their disparaged character, "there are also three other modes of impeaching the credit of a witness: (1) By disproving his statements, made in court, by the testimony of other witnesses; (2) By proving statements of the witness, made out of court, inconsistent with or contradicting those made by him on the witness stand; (3) By proving his general bad character for veracity." [Jones on Evidence (2 Ed.), sec. 844, p. 1074.] Tested by this rule the newly discovered evidence is purely impeaching evidence; evidence to impeach the credibility of plaintiff by showing that outside of court she had made statements contradictory to those she made in court. True she was not asked as to contrary statements made out of court, but she was examined at great length on the same matter—the fact of the accident and her subsequent condition. [State v. Welsor, 117 Mo. 570, l. c. 582, 21 S. W. 443; State v. Nickens, 122 Mo. 607, l. c. 612, 27 S. W. 339; State v. Stewart, 127 Mo. 290, l. c. 297, 29 S. W. 986; State v. McKenzie, supra.]

For these reasons our conclusion is that the action of the trial court in sustaining the motion on the ground of newly discovered evidence was wrong.

It is true that the attorney for defendant, in his affidavit filed, states that the evidence which can be

produced at another trial is not impeaching, is not cumulative, and if introduced would produce a different result. These are mere conclusions; their accuracy is to be tested by the proposed evidence itself and not by the conclusions of counsel as to its effect.

The order of the circuit court sustaining the motion for new trial is reversed and the cause remanded to that court with directions to reinstate the verdict of the jury and enter up judgment thereon as of date of rendition of the verdict. *Nortoni* and *Allen, JJ.,* concur.