ADAM ROTH GROCERY COMPANY, Respondent, v. HOTEL MONTICELLO COMPANY, Appellant.

St. Louis Court of Appeals.    Argued and Submitted April 9, 1914.
Opinion Filed May 5, 1914.

1. **APPELLATE PRACTICE: New Trial: Discretionary Grounds: Review.** Where a motion for a new trial set up surprise at testimony introduced as one of the grounds and newly discovered evidence as another, and the court granted a new trial

on the latter ground, the appellate court, on appeal from that order, will not determine whether the motion should have been sustained on the former ground, since the refusal of the trial court to sustain the motion on that ground was based upon its finding on a disputed question of fact.

2. **ACCOUNT STATED: What Constitutes.** An account stated is an account settled between a debtor and creditor, in which a sum of money or balance is agreed on and the debtor acknowledges owing the same and expressly or impliedly promises to pay the same to the creditor.

3. ———: *Question for Court or Jury.* In an action on an account stated, where all the facts are undisputed, the question as to whether they constitute an account stated is for the court, but where there is conflicting evidence, the question is for the jury.

4. ———: **Evidence.** Entries in the books of the debtor do not, of themselves, constitute an account stated.

5. **NEW TRIAL: Newly Discovered Evidence: Diligence: Materiality of New Evidence.** Newly discovered evidence, to warrant a new trial, must be evidence which, by the use of proper diligence, the applicant could not have discovered prior to the trial, and must be material to the issue, and not merely cumulative or impeaching.

6. ———: ———: ———: ———: **Facts Stated.** In an action on an account stated, the finding having been against plaintiff, the court granted it a new trial on the ground of newly discovered evidence, consisting of evidence that, several years prior, defendant corporation executed a deed of trust for the benefit of its creditors, in which it named plaintiff corporation as a creditor, that the trustee approved plaintiff's claim, and that defendant's books, which were in the trustee's possession, showed the account was stated. *Held*, that the court erred in granting plaintiff a new trial, since the alleged newly discovered evidence was easily procurable by plaintiff at the trial and should have been in the minds of its officers, and since, also, such evidence would have been merely cumulative.

7. **APPELATE PRACTICE: New Trial: Scope of Review.** Where a new trial was granted solely on the ground of newly discovered evidence, the appellate court cannot weigh the evidence to determine whether or not the order could be upheld on the ground that the verdict was against the weight of the evidence.

8. ——: ——: ——. The appellate court, in reviewing the action of the trial court in granting a new trial, is not confined to the grounds stated in the trial court's order.

9. ——: ——: ——. While the appellate court will pay great deference to the action of the trial court in granting a new trial, that action is not conclusive on it.

10. ——: Conclusiveness of Finding. The appellate court is concluded by the finding of the jury on the facts, or of the trial court, in an action at law, sitting as a jury, but not on the trial court's finding on the law nor on its application of the law to the facts.

11. NEW TRIAL: Newly Discovered Evidence: Rules of Decision. Motions for new trial on the ground of newly discovered evidence are regarded with a jealous eye and construed with remarkable strictness by the courts; they should be tolerated, not encouraged, granted as an exception and refused as a rule.

Appeal from St. Louis City Circuit Court.—*Hon. Charles Claflin Allen*, Judge.

REVERSED AND REMANDED (*with directions*).

*John H. Boogher* for appellant.

The application for a new trial on the ground of newly-discovered evidence must show: First, that the evidence has come to his knowledge since the trial; second, that it was not owing to the want of due diligence that it did not come sooner; third, that it is so material that it would probably produce a different result if a new trial were granted; fourth, it is not cumulative; fifth, that the object of the testimony is not merely to impeach the character or credit of a witness. State v. Ray, 53 Mo. 349; State v. Welsor, 117 Mo. 582; State v. McLaughlin, 27 Mo. 111; State v. Rockett, 87 Mo. 666; King v. Gillson, 206 Mo. 280; Berry v. State, 10 Ga. 511.

*L. Frank Ottofy* for respondent.

(1) The motion for a new trial was properly sustained on the ground of newly discovered evidence, because it appears from said motion and the affidavits

432    183 MISSOURI APPEAL REPORTS,

Grocery Co. v. Hotel Co.

in support thereof, (a) that the evidence has come to plaintiff's knowledge since the trial; (b) that it was not owing to the want of due diligence that it did not come sooner; (c) that it is so material that it would probably produce a different result if a new trial were granted; (d) it is not cumulative; (e) the object of the testimony is not merely to impeach the character or credit of a witness. Longdon v. Kelly, 51 Mo. App. 572; Connally v. Pehle, 105 Mo. App. 407; Allen v. Railroad, 167 Mo. App. 498. (2) The duty of granting or refusing a new trial rests peculiarly and specially within the sound discretion of the trial judge, and when a new trial has been granted, unless it is manifest and clearly apparent that the judicial discretion of the trial judge has been abused or that injustice has been done, the appellate court will not interfere; and to determine this the appellate court will look at the action of the lower court granting a new trial with less scrutiny than if the motion for new trial had been refused. Allen v. Railroad, 167 Mo. App. 498; Hoepper v. Southern Hotel Co., 142 Mo. 378; Ensor v. Smith, 57 Mo. App. 584; Mason & Henry v. Onan, 67 Mo. App. 290; Queensware Co. v. Smith, Saxton & Co., 107 Mo. App. 13; Berryhill v. Tribe of Ben Hur, 151 Mo. App. 417. (3) The trial court was justified in granting a new trial on the ground of surprise, being the 10th ground set out in the motion. The statement of the defendant's counsel and one of its officers admitting the account stated (being relied upon by plaintiff's counsel) and his testimony to the contrary shows a clear case of "surprise" under the statutes. R. S. 1909, Sec. 2022; Ridge v. Johnson, 129 Mo. App. 541. (4) If there is any doubt whether the discretion of the trial court has been soundly exercised, the doubt is to be resolved in favor of its ruling. Cook v. Railroad, 56 Mo. 380; State v. Smith, 65 Mo. 313.

REYNOLDS, P. J.—On the 22nd of July, 1911, plaintiff commenced its action against defendant, both parties corporations.

The petition is in three counts. The first count avers that on March 2, 1908, defendant was indebted to plaintiff in the sum of $576.89, "for the money then found to be due by said defendant to plaintiff, and by them both agreed to, upon an account stated between them, which said sum the said defendant then and there promised to pay, but that said sum is still due and wholly unpaid." Judgment is asked for this with interest from March 2, 1908.

The second and third counts are on notes.

A general denial interposed, the cause was tried by the court, a jury being waived. Upon the conclusion of the trial the court gave a declaration of law to the effect "that an account stated is an account settled between the debtor and creditor therein, in which a sum of money or a balance is agreed on and an acknowledgment by one in favor of the other of a balance or sum certain to be due and an express or implied promise to pay the same by one to the other; and the plaintiff in this cause having sued and declared in the first count of its petition, not upon an itemized account, but upon an alleged account stated, the court cannot find for plaintiff herein on said count unless the plaintiff has by the greater weight of the evidence proven an account stated between plaintiff and defendant," and the finding on this was for defendant.

The finding was for plaintiff on the other two counts, based upon the notes.

Both parties filed motions for a new trial. That of defendant was overruled; that of plaintiff was sustained by the court on the ninth ground stated in its motion. That ninth ground is to the effect that since the trial plaintiff has discovered new evidence consisting of entries in the books of defendant, showing

183 Mo. App.—28

that the account was stated between the parties and that plaintiff is entitled to recover on the first count, which new evidence, it is alleged, plaintiff could not have heretofore produced "because the same was in the custody of the defendant's trustee," the trustee a Mr. J. W. Taylor. Another allegation in this ninth ground is that since the trial, plaintiff has discovered that in "a chattel deed of trust," made and executed by defendant on February 19, 1908, for the benefit of his creditors, the total amount of the indebtedness admitted by defendant as due plaintiff was the sum of $1580.91, "a part of which consisted of one note, which has since been paid, the balance consisting of the three counts set forth in the petition in this case." The third allegation in this same ninth ground is, that plaintiff has discovered since the trial "that the trustee of the defendant, J. William Taylor, did on the 8th day of May, 1908, allow the plaintiff's claims in the total sum of $1201.76, being the item sued on in the three counts of this case, which was done with the consent and acquiescence of the defendant and its officers and agents."

This ninth assignment or ground concludes with the statement, "that all of said evidence has come to the knowledge of the plaintiff since the trial of this cause and it was not owing to want of due diligence that the said evidence did not come to its knowledge sooner."

Among the other grounds for a new trial is the tenth, to the effect that plaintiff and its counsel were surprised by the testimony of John H. Boogher, to the effect that the account had not been stated, "because the said Boogher had heretofore admitted to the plaintiff and its counsel that the said indebtedness was due and had led counsel to believe that he would not contest the case, as the defendant was insolvent and the only way plaintiff could recover was to pursue the said Boogher and the other stockholders for amounts due

by them for unpaid subscriptions for the capital stock of the said defendant company.''

Excepting to the action of the court in sustaining the motion, which it did solely on the ninth ground above, and in granting a new trial on that count, but holding the finding as to the other two counts in abey- ance until the final determination of the cause, defend- ant has duly perfected its appeal to our court.

We have set out the tenth ground stated in the motion for new trial, namely, surprise, merely because the learned counsel for respondent argues that proposi- tion before us in support of the action of the trial court. This question of surprise, however, has not been argued by counsel for appellant. As the action of the court on that ground is against respondent, and as its de- termination rests upon the weight given to the testi- mony of the respective parties in support of it, that is to say, turns entirely upon a question of fact, we feel concluded by the action of the trial court on that, and confine ourselves to a consideration of its action in sustaining a motion for a new trial on the ground of newly discovered evidence.

Beyond any question, concededly, the first count of the petition is on an ''account stated,'' in the technical, common law meaning of that term.

The learned trial judge, in the declaration of law which he gave, has very correctly stated the law ap- plicable to actions on an account stated. In point of fact his declaration is practically a copy of an approved instruction as set out in Powell v. Pacific Railroad, 65 Mo. 658, l. c. 661, and which he cited. So all authority holds. Thus in a footnote under the title ''Account,'' subtitle, ''Account Stated,'' Black [Law Dictionary (2 Ed.), p. 17], says that an account stated is ''the set- tlement of an account between the parties, with the balance struck in favor of one of them; an account rendered by the creditor, and by the debtor assented to as correct, either expressly, or by implication of

law from the failure to object." In line with this see Ottofy v. Winsor, 137 Mo. App. 272, 119 S. W. 40. Black further says in the same note: "The acknowl-· edgment or admission must have been made to the plaintiff or his agent."

In 1 Am. & Eng. Ency. of Law (2 Ed.), p. 437, par. 8 and following, an account stated is defined as, "An agreement, between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance. . . . An account must be stated between the person in whose favor the balance appears, or his duly authorized agent, and the person against whom the balance lies, or his duly authorized agent. . . . Admission to third persons not connected with the creditor do not constitute an account stated." At page 453 of the same work, it is further said: "Admissions made to third parties may be evidence to the jury of a previous accounting then admitted to have taken place, if they are unequivocal as to a specific amount acknowledged to be due, although such admissions cannot in themselves constitute a statement of account." Further, at page 454: "Where all the facts are undisputed, the question as to whether they constitute an account stated is for the court; but where there is conflicting evidence the question should be submitted to the jury." We may add that entries of the account in the books of the debtor, do not, of themselves, constitute an "account stated."

With these definitions in mind we come to the consideration of the action of the learned trial court in sustaining the motion for the new trial filed by plaintiff, on this ninth ground, which, as before remarked, and briefly, was by reason of newly discovered evidence. That must mean evidence which, by the use of proper diligence and availing itself of data or facts

accessible to it, the party did not and could not have discovered prior to the trial. It must also mean that the newly discovered evidence is material to the issue, is not merely cumulative, is not in the nature of mere impeachment, and if proven would tend to sustain plaintiff's cause of action.

We have so recently gone over this matter of the essentials to the award of a new trial on the ground of newly discovered evidence in Stahlman v. United Railways Co., 183 Mo. App. 144, 166 S. W. 312, the opinion filed April 7, motion for rehearing overruled April 24, 1914, that we will not go into it here, but refer to that opinion on this point.

What is depended upon as newly discovered evidence in this case, as will be observed, relates to the execution of a certain deed of trust, to the action of the trustee under that deed of trust, and to the listing of this account in some former proceeding. As to this latter proposition, the identity of the account is not established, for according to the affidavits filed, the account listed was larger in amount than the one here involved; larger, it is true, by only a few dollars, but sufficient to destroy the identity of the two accounts. The plaintiff here, according to the affidavits, knew all about these matters. The affidavit of the attorney shows that he has only been in charge of the business of this plaintiff since May, 1911. It will be noticed that in the petition the account stated is alleged to have accrued March 2, 1908. It appears, therefore, that the transactions connected with this account occurred long before this attorney could possibly know anything about it, and lack of knowledge, or lack of diligence cannot be charged against him. But when we consider the case of his client, a very different situation is presented. It appears by the affidavits in the case, from the testimony, for that matter, that this defendant company was in difficulties in January, 1907, at which time it executed a mortgage or deed of trust to the Mr.

Taylor named in one of the affidavits, and that plaintiff was named therein as a creditor. The facts connected with this matter are not particularly pertinent here but anyone curious conecrning them can find a very full recital of them in the case of Adam Roth Grocery Co. v. Hotel Monticello Co., 148 Mo. App. 513, 128 S. W. 542. It is impossible to believe that the officers and managers of plaintiff company were not aware of all of these transactions. Bringing this action on an account stated, as they did, and being met with a general denial, plaintiff was bound to know that its action was being resisted and was bound to go into court prepared to make out its case. It in fact pushed for trial and successfully defeated an attempt of defendant to secure a continuance. It knew that under a general denial defendant could produce any and all evidence tending to deny an account stated. The fact that the books relating to this trusteeship were in the custody of the trustee is of no significance and amounts to no case of concealment. Plaintiff knew they were there; if denied access to them, due process of the court would have given access to them. It may be assumed that the deed of trust was of record, certainly plaintiff knew of it. It appears by the affidavits in the case that the officers of the defendant company knew that Mr. Taylor had been acting under the deed of trust, in attempting to adjust the affairs of defendant. The affidavit of the credit man of plaintiff, who had been such through all of these years, shows conclusively that the books in the possession of Mr. Taylor did contain entries relating to this transaction, and that he—affiant—knew it. The facts as to this are very much in line with those in Cook v. St. Louis & Keokuk R. R. Co., 56 Mo. 380.

Without passing upon the question as to whether these books and the recital in the deed of trust in which Taylor was the trustee would, with other evidence, prove an account stated, it is sufficient to say that all

of this testimony was easily procurable and should have been in the minds of the officers of plaintiff company. At most, giving this testimony all the effect claimed by plaintiff, it would have been merely cumulative, and that being so, it affords no cause for a new trial. [See cases cited in the Stahlman case, supra.]

It appears by the affidavit of the credit man of defendant that the original accounts showing the items which constitute the total in the so-called account stated, have been lost or destroyed. He sets out in his affidavit "that the same were kept in loose leaf sheets and are not retained by the plaintiff, but after a lapse of time are usually destroyed, and although he has made strict search for the same since the decision of this case, *in order that an action may be brought against the defendant on an open account, if such an action could be maintained,* but that he has been unable to find the said loose leaf sheets and unless a new trial is granted herein the plaintiff must entirely lose the sum sued for in the first count of its petition, and affiant believes that if the court will grant a new trial that on such retrial the new evidence hereinabove recited would result in a judgment for the plaintiff on the said first count of its petition." (Italics ours).

According to this affidavit of the credit man, plaintiff might sustain an action on an open account, and it was evidently in the mind of that affiant that the action of plaintiff was to be on an open account; he does not pretend to stand on an account stated.

On the authorities referred to in Stahlman v. United Railways Co., supra, we are unable to conclude that plaintiff here has shown any proper diligence in preparing for the trial, has shown any reason why the evidence now sought to be produced and said to be in existence was not as accessible and easily ascertained and produced at this trial. Furthermore, as before stated, at best, it was cumulative,

It is argued that the trial judge can set aside the verdict of the jury on the ground that it is against the weight of evidence, or, for that matter, of his own motion, and that the appellate court, in reviewing the action of the trial court, is not confined to the ground stated by the court for setting aside a verdict, if on an inspection of the record the appellate court is satisfied that that action is right on any other ground.

These propositions are not disputed. The only ground assigned by the trial court for setting aside the verdict is the ninth in the motion for new trial. The only other ground now urged as sustaining the action of the trial court, is that the verdict is against the weight of the evidence. This was one of the grounds set up in the motion for a new trial and was disallowed by the trial court in sustaining the motion on the one ground alone. To require us to hold that the action of the trial court can be sustained in granting a new trial on the ground of the weight of the evidence would require us, as an appellate court, to weigh that evidence. That we cannot do.

While we pay great deference to the action of the trial court in sustaining a motion for a new trial, the very fact that the law provides for an appeal from that action, is a sufficient answer to the contention made that we are concluded by that action. We are concluded by the finding of a jury, or of a court, in an action at law, and when he is the trier, on the facts, but not on the law nor the application of the law to the facts.

Motions for a new trial on the ground of newly discovered evidence are regarded with a jealous eye and construed with remarkable strictness by the courts. They should be tolerated, not encouraged; viewed with aversion, rather than favor; granted as an exception, and refused as a rule. [State v. McLaughlin, 27 Mo. 111; Cook v. St. Louis & Keokuk R. R. Co., supra; State v. Sansone, 116 Mo. 1, l. c. 15, 22 S. W. 617.]

For these reasons the action of the circuit court in setting aside its finding on the first count is reversed and the cause remanded with directions to that court to enter up judgment in favor of defendant on the first count in the petition, and in favor of the plaintiff on the two remaining counts. *Nortoni* and *Allen, JJ.*, concur.